

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00337-CV

**IN RE** Jorge **GORRZEGZ-FLORES**

Original Proceeding[1]

PER CURIAM

Sitting:      Irene Rios, Justice
             Adrian A. Spears, II, Justice
             Velia J. Meza, Justice

Delivered and Filed: October 8, 2025

PETITION FOR WRIT OF MANDAMUS DISMISSED FOR LACK OF JURISDICTION

On May 28, 2025, relator filed a petition for writ of mandamus and motion for temporary relief contesting respondent's order denying relator's motion for protective order. Relator's motion for protective order sought to prevent his spouse from responding to a subpoena requiring deposition by written questions served on her by the real parties in interest. The motion for protective order did not otherwise seek protective relief. Respondent denied the motion for protective order on April 25, 2025. The relator's spouse provided her responses to the deposition by written questions on May 13, 2025. Respondent amended the order denying the motion for

---

[1]This proceeding arises out of Cause No. 2024-CI-20567, styled *Albert Castillo & Sanford E. Roberts, MD. v. Jorge Gorrzegz-Flores*, pending in the 407th Judicial District Court, Bexar County, Texas, the Honorable Tina Torres presiding.

protective order on May 15, 2025. At the time relator filed his petition for writ of mandamus and motion for temporary relief, the action relator sought to prevent had been done – the controversy moot.

"A court will not grant a writ of mandamus unless it is convinced that the issuance of such a writ will effectively achieve the purpose sought by appellant." *Econ. Opportunities Dev. Corp. of San Antonio v. Bustamante*, 562 S.W.2d 266, 267 (Tex. App.—San Antonio 1978, writ dism'd); *see also Elec. Reliability Council of Tex., Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 634–35 (Tex. 2021) ("A case becomes moot when (1) a justiciable controversy no longer exists between the parties, (2) the parties no longer have a legally cognizable interest in the case's outcome, (3) the court can no longer grant the requested relief or otherwise affect the parties' rights or interests, or (4) any decision would constitute an impermissible advisory opinion."). "[T]his court lacks jurisdiction over a moot case." *In re Contract Freighters, Inc.*, 646 S.W.3d 810, 813 (Tex. 2022) (finding the voluntary withdrawal of a challenged discovery request did not moot the controversy because there are no assurances that the request will not later be renewed). "A case or part of a case (like the discovery dispute here) will become moot if 'a controversy ceases to exist.'" *Id.* (quoting *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005)).

In the present matter, the controversy was moot before the petition for writ of mandamus and motion for temporary relief had been filed. The denied motion for protective order merely sought to prevent disclosure of allegedly privileged information. That information was disclosed before the petition for writ of mandamus was filed. This court cannot grant the relief requested— we cannot unbake that cake. The controversy is moot. The stay issued on July 22, 2025 is **LIFTED**. The petition for writ of mandamus and motion for temporary relief are **DISMISSED AS MOOT**.

PER CURIAM